UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JOHNSONVILLE, LLC, et al.,**
    **Plaintiffs,**

v.                                                    Case No. 21-CV-898

**LOADSMART INC, et al.,**
    **Defendants.**

---

## ORDER

Seventeen cases of Johnsonville bratwursts were allegedly stolen from an R.B. Humphrey trailer. Johnsonville, LLC, and Johnsonville Trucking, LLC, (collectively "Johnsonville") want Loadsmart Inc., R.B. Humphreys, and ABC Insurance Company d/b/a Arch Insurance Company, Inc., to pay so they commenced this action in Sheboygan County Circuit Court, alleging breach of contract and liability under the Carmack Amendment, 49 U.S.C. § 14706. Loadsmart Inc. then removed the action to this court. Johnsonville now seeks a remand to state court.

### I.    Waiver of Right of Removal

Johnsonville contends that remand is appropriate because Loadsmart waived its right to remove. Johnsonville contracted with Loadsmart, LLC, to broker the transportation of its food products. The contract contains the following provision:

> Governing Law. This Agreement shall be subject to and shall be interpreted in accordance with the internal laws of Wisconsin both as to interpretation and performance. This Agreement shall be deemed executed in Wisconsin. All disputes arising hereunder shall be resolved in state or federal courts located in the Eastern District of the State of Wisconsin. The parties waive any objection to venue.

ECF No. 2, ¶ 13.

1

Johnsonville argues that Loadsmart contractually waived its right to remove by agreeing to "waive any objection to venue." Loadsmart responds that the any such waiver must be "clear and convincing," and that the contractual provision does not meet that standard.

The statutory right of removal is defined in 28 U.S.C. § 1441(a):

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

This right can be waived, however, through a forum selection clause. *Pine Top Receivables of Illinois, LLC v. Transfercom, Ltd.*, 836 F.3d 784, 786 (7th Cir. 2016). Contrary to Loadsmart's contention, a contractual waiver of the right of removal need not be "clear and unequivocal." *Id.* "When called upon to interpret a contractual waiver of the right to remove, district courts should utilize the same standards of interpretation and construction they employ in resolving all preliminary contractual questions." *Id.* at 787.

I conclude that Loadsmart waived its right to remove this action. The final two sentences of the contractual provision work in tandem to reach this result. The parties first agree that "[a]ll disputes arising hereunder shall be resolved in state or federal courts located in the Eastern District of the State of Wisconsin." This is a mandatory forum selection clause. The obligatory language of this sentence "clearly manifests an intent to make venue compulsory and exclusive." *Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 756 (7th Cir. 1992). Disputes under the contract must be resolved in either a state court or a federal court located in the Eastern District of Wisconsin. This sentence, alone, waives all venue objections seeking dismissal or transfer to a court outside of the Eastern District of Wisconsin.

The parties then go further and agree to "waive any objection to venue." This provision could be read to simply make explicit the desired result of the mandatory forum selection clause. That would create a redundancy in the contract. It could also be read to waive any objection to venue in any context. That would contradict the mandatory forum selection clause; such a reading would prohibit a party from enforcing the mandatory forum selection clause when venue is laid outside of a state court or a federal court located in the Eastern District of Wisconsin. Thus, the parties' agreement to "waive any objection to venue" must be read to waive objections to venue seeking transfer to another court within the Eastern District of Wisconsin when venue has already been laid in a state court or a federal court located in that district. That would include a transfer to a state court under forum non conveniens as well as a removal to federal court under 28 U.S.C. § 1441.

None of the cases Loadsmart cites counsel a different result. First, the district courts in *Oberweis Dairy, Inc. v. Maplehurst Farms, Inc.*, 1989 WL 2078 (N.D. Ill. Jan. 10, 1989), and *Thomas v. Nat'l Canada Fin. Corp.*, 1995 WL 54479 (N.D. Ill. Feb. 7, 1995), applied the more stringent "clear and convincing" standard subsequently rejected by the Seventh Circuit. *See Pine Top*, 836 F.3d at 786. Second, unlike the contract in this case, the contract in *Newman/Haas Racing v. Unelko Corp.*, 813 F. Supp. 1345, 1347 (N.D. Ill. 1993), did not include a provision that waived objections to venue.

Therefore, because Loadsmart waive the right to remove, remand is appropriate.

## II.     Failure to Obtain Consent of All Defendants

Johnsonville also contends that remand is appropriate because Loadsmart did not obtain the consent of ABC Insurance Company d/b/a Arch Insurance Company for

3

removal. Loadsmart responds that it was not obligated to obtain ABC Insurance Company d/b/a Arch Insurance Company, Inc.'s consent because the insurance company is a fictitious party.

Remand is appropriate when a defendant has failed to comply with the legal requisites of removal. *Holmstrom v. Peterson*, 492 F.3d 833, 837 (7th Cir. 2007) (citing *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)). Such a failure renders the removal "defective" under 28 U.S.C. § 1447(c). *Snapper*, 171 F.3d at 1253. One such legal requisite is set forth in 28 U.S.C. § 1446(b)(2)(A): "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

That said, "the general rule that all defendants must join in a notice of removal may be disregarded where . . . the non-joining defendants are unknown." *Green v. Am. Online (AOL)*, 318 F.3d 465, 470 (3d Cir. 2003); *see also Arechederra v. Hunter's View Ltd.*, 2011 WL 2532924, at *2 (W.D. Mo. June 24, 2011) ("A removing party is obviously unable and not required to obtain consent from a fictitious defendant . . . ."). The question, then, is whether ABC Insurance Company d/b/a Arch Insurance Company was, in fact, a fictitious party when Loadsmart removed this action.

The complaint alleges that ABC Insurance Company d/b/a Arch Insurance Company, Inc. is an insurance company that insures the cargo tendered to and accepted for transportation by R.B. Humphreys. It provides the name and address of Arch's registered agent as well as the Arch policy number in effect at relevant times. However, the complaint also states: "Pursuant to Wis. Stat. § 807.12, the exact Arch business entity

4

responsible for insuring R.B. Humphreys in this action is unknown at this time but will be named once its identity is ascertained." ECF No. 1-3, ¶ 11.

Loadsmart contends that Johnsonville cannot escape this final allegation. Because Johnsonville alleged that it did not know the exact name of R.B. Humphreys' insurance company, ABC Insurance Company d/b/a Arch Insurance Company, Inc. is necessarily a fictitious party.

I disagree. "[A] fictitious defendant is necessarily one that, due to its unknown identity, has not been served with process." *GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1355 (S.D. Ala. 2003). Johnsonville's attorney, C. Kai Hovden, declares that Johnsonville served ABC Insurance Company d/b/a Arch Insurance Company, Inc., via its registered agent on file with the Wisconsin Office of the Commissioner of Insurance. ECF No. 7. Attorney Hovden filed an affidavit of service in the Sheboygan County Circuit Court on July 2, 2021, several weeks before removal. *Id.* The affidavit is attached to the declaration and confirms Attorney Hovden's account. ECF No. 7-1. Thus, ABC Insurance Company d/b/a Arch Insurance Company, Inc. was not a fictitious party but, rather, a properly joined and served defendant.

Therefore, because Loadsmart failed to obtain the consent of ABC Insurance Company d/b/a Arch Insurance Company, Inc., in conformity with 28 U.S.C. § 1446(b)(2)(A), the removal was defective, and remand is appropriate.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Johnsonville's motion to remand is **GRANTED**. The case shall be remanded to the Sheboygan County Circuit Court. The

5

Case 2:21-cv-00898-LA   Filed 01/24/22   Page 5 of 6   Document 13

Clerk of Court is directed to mail a certified copy of this order of remand to the clerk of court of the Sheboygan County Circuit Court. The Clerk of Court shall terminate this case.

Dated at Milwaukee, Wisconsin, on this 24th day of January, 2022.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge